UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TONI L. FREEBORN,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). *Mims v. ArrowFin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, TONI L. FREEBORN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, BCA FINANCIAL SERVICES, INC., ("BCA") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 462, 18001 Old Cutler Road, Miami, Florida 33157.

5. Defendant is registered with the Florida Department of State Division of Corporations as a domestic corporation. Defendant's registered agent is Kathleen H. Kinggard, Suite 462, 18001 Old Cutler Road, Miami, Florida 33157.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from her own personal medical care.

11. On or about May 3, 2016, Defendants sent a debt collection letter to Plaintiff, a true copy of which is attached as Exhibit "A".

12. Plaintiff received the letter shortly thereafter.

13. The letter is the first communication Plaintiff received from Defendant regarding the debt described therein.

14. Plaintiff asserts that the letter was the first Defendant sent to her regarding the alleged debt.

15. Under the FDCPA, Defendant is required in its first written communication with a consumer to disclose, among other things:

> [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

*15 U.S.C. §1692g(a)(4)*

16. Defendant's letter reads in relevant part:

> If you notify this office in writing within thirty days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.

*Collection letter of May 3, 2016, Exhibit "A"*

17. Defendant's letter fails to inform Plaintiff of what she must inform Defendant in order to obtain written verification of the alleged debt. It fails to explain that she must notify Defendant of a **dispute** in order to obtain written verification of the debt.

18. By failing to disclose what Plaintiff must do to dispute the alleged debt and obtain written verification thereof, Defendant deprives Plaintiff of the right to which she is entitled.

19. Defendant misleads Plaintiff into waiving her right to dispute the alleged debt and obtain verification thereof since the FDCPA requires Plaintiff to assert any dispute within 30 days of receipt of the first collection letter.

20. Defendant's website (www.bcafs.com, accessed December 6, 2016) boasts of Defendant's maximization of revenue in the collection of its customer's debts, its growth and success over its 72 year history and how its collection techniques set it apart

from its competition. It lists Defendant's sophisticated collection services including its willingness to impersonate its clients for collection purposes presumably to disguise its identity as a way to avoid detection and compliance with consumer protection statutes that apply to debt collectors but not original creditors.

21. Defendant's long history as a debt collector suggests it is aware of its obligation to inform consumers of their right to dispute the validity of the alleged debts it collects for its customers and its failure to do so suggests the omission is intentional and designed to narrow a consumer's alternatives to a single lane: pay this bill now.

22. Defendant's letter further minimizes the costs of collection both for itself and its customers by reducing the number of disputed debts which accelerates collection revenue and minimizes the costs of providing documentation of disputed debts as Defendant's victims simply do not know they may dispute the validity of alleged debts and obtain written verification thereof.

23. Defendant has gained a competitive advantage over other debt collectors who abide by the law and properly inform consumers of the right to obtain written verification of alleged debts. In passing the FDCPA into law Congress specifically commented on its goal of preventing debt collectors who engage in violative conduct from gaining competitive advantage over fellow debt collectors who comply with the law.

24. Commencing shortly after Plaintiff received Defendant's letter, Plaintiff began receiving pre-recorded telephone messages from Defendant on her cellular telephone seeking to collect the alleged debt.

25. Not one of the voluminous pre-recorded messages Plaintiff received disclose Defendant's name or that it is a debt collector.

26. On August 23, 2016, Plaintiff informed Defendant to stop placing telephone calls to her cellular telephone.

27. Defendant continued thereafter to place calls to Plaintiff's cellular telephone using pre-recorded messages.

28. In total, Plaintiff received in excess of 100 telephone calls from Defendant it its effort to collect an alleged $50.00 debt.

29. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

30. Defendant failed to disclose its name in the messages.

31. Defendant failed to disclose its status as a debt collector in the messages.

32. Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

33. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

34. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO PROVIDE WRITTEN NOTICE OF THE RIGHT TO DISPUTE THE ALLEGED DEBT AND OBTAIN VERIFICATION THEREOF

35. Plaintiff incorporates Paragraphs 1 through 34.

5

36. In its debt collection letter, Defendant failed inform Plaintiff of her right to dispute the alleged debt and obtain written verification thereof as required by and in violation of 15 U.S.C. §1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTION AND MISREPRESENTATION OF PLAINTIFF'S RIGHT TO DISPUTE THE ALLEGED DEBT AND OBTAIN WRITTEN VERIFICATION THEREOF

37. Plaintiff incorporates Paragraphs 1 through 34.

38. In its debt collection letter, Defendant misled, misrepresented and deceived Plaintiff about her right to dispute the validity of the alleged debt and to obtain written verification thereof in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

39. Plaintiff incorporates Paragraphs 1 through 34.

40. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

41. Plaintiff incorporates Paragraphs 1 through 34.

42. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

7

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

43.    Plaintiff incorporates Paragraphs 1 through 34.

44.    Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235

8

>
> don@donyarbrough.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658